PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT (State Bar No. 089395)
ASSISTANT UNITED STATES TRUSTEE
QUEENIE K. NG (State Bar No. 223803)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
725 South Figueroa Street, 26th Floor
Los Angeles, California 90017
Telephone No. (213) 894-4356
Facsimile No. (213) 894-2603
Queenie.K.Ng@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>LYNETTE L. JONES,<br><br>　　　　　　　Debtor.<br><br>―――――――――――――――<br>UNITED STATES TRUSTEE FOR THE<br>CENTRAL DISTRICT OF CALIFORNIA,<br>REGION 16,<br>　　　　　　　Plaintiff<br>　　v.<br>LYNETTE L. JONES,<br>　　　　　　　Defendant.<br>――――――――――――――― | Case Number　2:09-bk-26822 SB<br>Adversary No.　2:09-ap-_____<br><br>Chapter 7<br><br>COMPLAINT FOR DENIAL OF<br>DISCHARGE UNDER 11 U.S.C. § 727(a)(8)<br><br>(Hearing date to be set by summons) |

The Plaintiff, United States Trustee ("U.S. Trustee"), by the undersigned attorney, avers as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and 11 U.S.C. § 727. This adversary proceeding is a "core" proceeding

-1-

1 | pursuant to 28 U.S.C. § 157(b)(2)(J).

2 |     2.    This adversary proceeding is brought in connection with Defendant's above-captioned case under Chapter 7 of Title 11, United States Code, Case No. 2:09-bk-26822 SB, filed July 2, 2009, and now pending before the above-entitled Court, Los Angeles Division. Therefore, venue is proper.

    3.    The Bankruptcy Code at 11 U.S.C. § 727(c)(1) provides that the United States Trustee may object to the granting of a discharge under 11 U.S.C. § 727(a)(8).

## PARTIES TO THE ACTION

    4.    Plaintiff is the United States Trustee for the Central District of California, Region 16.

    5.    Defendant Lynette L. Jones (hereafter "Defendant" or "Debtor") is an individual and is the debtor in bankruptcy case with Case No. 2:09-bk-26822 SB.

## GENERAL ALLEGATIONS

    6.    Plaintiff hereby incorporates by reference paragraphs 1 through 5 inclusive, as if fully set out herein.

    7.    On or about July 2, 2009, the Debtor filed a voluntary Chapter 7 petition bearing Case Number 2:09-bk-26822 SB (the "2009 Case").

    8.    Sam S. Leslie was appointed as Chapter 7 Trustee of Debtor's case.

    9.    Thereafter, the Clerk of the Court scheduled the First Meeting of Creditors for the Debtor's Chapter 7 case on July 30, 2009 and established September 28, 2009 as the last day to oppose Debtor's discharge.

## FIRST CLAIM FOR RELIEF

[Denial of Discharge Based Upon Prior Discharge Granted Within

Eight Years of Filing Instant Case Under 11 U.S.C. § 727(a)(8)]

    10.    Plaintiff refers to and incorporates herein paragraphs 1 through 9 inclusive, as if fully set out herein.

    11.    Defendant discloses on her Amended Statement of Related Cases that on July 31, 2002, she had previously filed and maintained a Chapter 7 bankruptcy petition bearing

Case No. 2:02:bk-31682 AA (the "2002 Case"). A true copy of the face page of the 2002 Case,[1] along with the case docket, retrieved from the WebPacer, is attached to this Complaint as Exhibit "1."

12. Defendant's discharge in the 2002 Case was entered on or about November 12, 2002. A true copy of the discharge order in the 2002 Case, retrieved from WebPacer, is attached to this Complaint as Exhibit "2."

13. Pursuant to 11 U.S.C. §727(a)(8), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Court shall not grant the debtor a discharge if:

> the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition;

14. Defendant was granted a discharge in a case commenced within 8 years before the filing of her current bankruptcy case. Therefore, the Debtor is not entitled to obtain a discharge in her current bankruptcy case.

**WHEREFORE**, Plaintiff prays for judgment as follows:

### ON ALL CLAIMS FOR RELIEF

A. That Debtor's discharge be denied; and

B. For such other and further relief as the Court deems just and proper.

DATED: September 28, 2009

Respectfully submitted,

/s/ Queenie Ng
QUEENIE K. NG
Attorney for the United States Trustee

---

[1] The first 5 numbers of the Debtor's social security numbers are redacted due to privacy reasons.